**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **CASE NUMBER 1:15-CR-00119-12-MAC** |
| | § | |
| | § | |
| **CLIFTON RAY FREEMAN** | § | |
| | § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed March 23, 2026, alleging that Defendant, Clifton Ray Freeman, violated his conditions of supervised release. This matter is referred to the Honorable Christine L. Stetson, United States Magistrate Judge, for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. TEX. CRIM. R. CR-59.

**I.  The Original Conviction and Sentence**

Clifton Ray Freeman was sentenced on January 31, 2017, before The Honorable Marcia A. Crone, of the Eastern District of Texas, after pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute Cocaine, a Class A felony. This offense carried a statutory maximum imprisonment term of Life. The guideline imprisonment range, based on a total offense level of 27 and a criminal history category of IV, was 120 to 125 months. Clifton Ray Freeman was subsequently sentenced to 120 months' imprisonment followed by a 5 year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug abuse and mental health treatment, and a $100 special assessment.

-1-

## II.  The Period of Supervision

On December 8, 2025, Clifton Ray Freeman completed his period of imprisonment and began service of the supervision term.

## III.  The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising three allegations.  The petition alleges that Clifton Ray Freeman violated the following conditions of release:

Allegation 1. You must refrain from any unlawful use of a controlled substance.

Allegation 2. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

Allegation 3. You must participate in a program of testing and treatment for drug abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program.

## IV.  Proceedings

On April 1, 2026, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and Defendant announced there was no agreement as to a recommended disposition regarding the revocation.  Defendant agreed to plead "true" to the first allegation that claimed he failed to refrain from the unlawful use of a controlled substance by testing positive for marijuana on December 9, 2025, January 22, 2026, and February 26, 2026.   Defendant argued that he had a difficult childhood and has multiple

mental health issues, including ADHA, bipolar, depression and mild retardation.  He expressed a need for rehabilitation, counseling, and medication.  He also stated that he is expecting his fifth child in the coming months.  In light of these facts, he requested house arrest with an ankle monitor or a sentence below the guideline range.  The Government pointed out to the court that Defendant violated his conditions of release one day after being released and admitted to using a controlled substance while still incarcerated.  Due to his continuing illegal conduct after his release, the Government requested that Defendant receive a sentence of 10 months' imprisonment and 4 years of supervised release as recommended by probation.

### V.  Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require a defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case.  The original offense of conviction was a Class A felony, therefore, the maximum imprisonment sentence is 5 years.

According to Title 18 U.S.C. § 3583(g)(4), if, as a part of drug testing, a defendant tests positive for illegal controlled substances more than three times over the course of one year, the

court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3). The original offense of conviction was a Class A felony; therefore, the maximum imprisonment sentence is 5 years.

According to U.S.S.G. § 7C1.1(a)[1], if the court finds by a preponderance of the evidence that Defendant violated conditions of supervision by failing to refrain from the unlawful use of a controlled substance by testing positive for marijuana on December 9, 2025, January 22, 2026, and February 26, 2026, Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7C1.3 indicates that upon a finding of non-compliance, the court should conduct an individualized assessment and that revocation is generally appropriate for a Grade A violation, often appropriate for a Grade B violation, and may be appropriate for a Grade C violation.

U.S.S.G. § 7C1.5 provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of IV, the policy statement imprisonment range is 6 to 12  months.

Based on 5th Circuit case law, (*U.S. v. Courtney*, 979 F.2d 45 (5th Cir.1992)), the court can find that illicit drug use constitutes possession. Thus, by Clifton Ray Freeman violating his conditions of supervised release by possessing marijuana, he is in violation of TEXAS HEALTH AND SAFETY CODE § 481.121 and is guilty of committing a Grade C violation. U.S.S.G. § 7C1.3(b) indicates upon a finding of a Grade C violation; revocation may be appropriate.

U.S.S.G. § 7C1.5, Application note 2, states that upon a finding that a defendant violated a condition of supervised release by being in possession of a controlled substance or firearm or by refusing to comply with a condition requiring drug testing, the court is required to revoke

---

1.  All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding.  *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Bradberry*, 360 F. App'x. 508, 509 (5th Cir. 2009).

supervised release and impose a sentence that includes a term of imprisonment pursuant to 18 U.S.C. § 3583(g).

U.S.S.G. § 7C1.4(a) states that the court shall conduct an individualized assessment to determine the appropriate length of the term of imprisonment, given the recommended range of imprisonment set forth in § 7C1.5.

U.S.S.G. § 7C1.3(b) indicates upon a finding of a violation for which revocation is required by statute (18 U.S.C. § 3583(g)), the court shall revoke supervised release.

According to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and a defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.  The authorized term of supervised release for this offense is not more than Life.

U.S.S.G. § 7C1.4(c) indicates where supervised release is revoked, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment.  The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

In determining Defendant's sentence, the court shall consider:

1.  The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

Defendant pled "true" to the petition's allegation that he violated a mandatory condition of release that he failed to refrain from the unlawful use of a controlled substance by testing positive for marijuana on December 9, 2025, January 22, 2026, and February 26, 2026. Based upon Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7C1.3, the undersigned finds that Defendant violated a condition of supervised release.

After listening to the parties' arguments, testimony, and reviewing Defendant's presentence report, the undersigned has carefully conducted an individualized assessment and considered each of the factors listed in 18 U.S.C. § 3583(e). Defendant's violation is a Grade C violation, and the criminal history category is IV. The policy statement range in the Guidelines Manual is 6 to 12 months. Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

-6-

Consequently, incarceration appropriately addresses Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 4 months with 4 years and 6 months of supervised release to follow. Given the evidence presented by Defendant, the court finds a downward departure from the guidelines is appropriate in this case for imprisonment while keeping Defendant's remaining term of supervised release intact.

### VII. Recommendations

The court should find that Defendant violated the allegation in the petition that he violated a mandatory condition of release by failing to refrain from the unlawful use of a controlled substance by testing positive for marijuana on December 9, 2025, January 22, 2026, and February 26, 2026. The petition should be granted, and Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. Defendant should be sentenced to a term of 4 months' imprisonment with 4 years and 6 months of supervised release to follow.

As stated at the final revocation hearing, without objection, the same mandatory, standard and special conditions of supervised release previously imposed when Defendant was originally sentenced in this case shall be re-imposed. Such conditions are set forth in the Judgment, and the rationale for these conditions is contained in Defendant's Presentence Investigation Report.

### VIII. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(2); E.D. TEX. CRIM. R. CR-59(c). A party who objects to this Report is entitled to a *de*

*novo* determination by the United States district judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States district judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States district judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED this the 1st day of April, 2026.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE